## In re SEEBURG'S WILL.

No. 15526.

County Judge's Court, Palm Beach County.

December 6, 1960.

Fisher, Dickinson & Prior, West Palm Beach, for petitioner.

Winters, Cook, Brackett & Lord, West Palm Beach, for the executor and residuary legatees.

RICHARD P. ROBBINS, County Judge.

This cause came on to be heard upon the "Petition for Construction of Will" filed by Gurli Maria Seeburg, the widow of Justus P. Seeburg, deceased, set forth in full below —

Comes now GURLI MARIA SEEBURG, your petitioner herein, by and through her undersigned attorneys, and brings this her petition directed toward the following named respondents: N. Marshall Seeburg, Jr., as Executor of the above estate, and N. Marshall Seeburg, Jr., and Justus P. Seeburg, II, as residuary legatees of the said estate; and your petitioner would thereupon allege:

1. That each of the above named respondents is over the age of twenty-one years and is free of any disabilities which would prevent the institution and maintenance of this proceeding; and none of the above named respondents is under legal guardianship in this State.

2. That the decedent herein, Justus P. Seeburg, departed this life on or about the 21st day of October, 1958, leaving as his Last Will and Testament and codicil thereto a certain instrument or instruments presently on file in the Probate file opened and maintained in this estate, which said Last Will and codicil thereto were duly admitted to probate by Order of the County Judge of this Court dated April 29, 1959 and which said Last Will and codicil thereto are hereby incorporated by reference in this petition and made a part hereof for all purposes.

3. That your petitioner is the surviving widow of the decedent herein, and the respondents named herein in their individual capacities are residuary legatees named by and under the aforesaid Last Will and codicil thereto of the decedent herein.

4. That the decedent herein by and through Article Second of his aforesaid Last Will and Testament, duly admitted to probate, provided in specific language as follows, the hereinafter quoted language constituting a verbatim copy of the said Article Second in toto:

"I hereby give, devise and bequeath to my beloved wife, GURLI MARIA SEEBURG, as her absolute property, the sum of Three Hundred Thousand Dollars ($300,000.00). In the event she shall predecease distribution of the whole or any part thereof, then said legacy or the undistributed portion thereof shall lapse and form a part of the residue of my estate."

5. That your petitioner, as the object of the testator's bequest contained in the aforesaid Article Second, seeks a construction of the said Article as quoted above; that the respondent Executor named herein will be bound by and affected by the Court's construction of said Article as will the individual respondents as residuary legatees to whom reference is made by implication in the said Article; and further that your petitioner believes and is satisfied that a construction of such quoted Article pursuant to Section 732.41 of the Florida Probate Law will materially expedite and facilitate the administration of this estate.

6. That your petitioner regards Article Second of decedent's Will herein as quoted above, for which construction is sought, as conferring upon her a vested estate or interest in the bequest established thereby, such vesting having occurred and become effective immediately as of and upon the death of the testator herein; that your petitioner rests her opinion as aforesaid in part upon the provisions of Section 731.21 of the Florida Probate Law which operate generally to make the death of the testator the event which vests the right to legacies or devises and the provisions of Section 734.02 of the Florida Probate Law which appear to create a right in any devisee or legatee to the possession and enjoyment of such person's distributive share upon the expiration of ten calendar

months from the granting of letters testamentary; that your petitioner, desiring that the specific language of Article Second of the testator's Will be made certain in its legal effect, would nevertheless respectfully request this Court to construe the language of the said Article Second as quoted in paragraph 4 hereof so as to answer the following questions which your petitioner hereby submits:

(a) Did the bequest to your petitioner contained in the said Article Second vest in her absolutely upon the death of the testator?

(b) Did the bequest to your petitioner as contained in the said Article Second vest in her absolutely upon a date ten calendar months after the granting of letters testamentary herein?

(c) Did the bequest to your petitioner contained in the said Article Second vest in her absolutely upon the expiration of a reasonable time after ten months had elapsed from the granting of letters testamentary?

WHEREFORE, your petitioner prays as follows:

That after hearing on this petition and such responses, defenses or claims as may be filed and asserted herein by respondents, and upon evidence adduced, this Honorable Court construe the above quoted language contained in Article Second of the said Last Will and Testament and codicil thereto of Justus P. Seeburg, deceased, and determine, find and adjudge the legal effect of the said language and the answers to the questions propounded by your petitioner in the preceding paragraph; and further that all such other and further Order or Orders be made by the Court as the facts and circumstances and the law may justify and as to the Court shall appear meet and proper.

FISHER, DICKINSON & PRIOR,
Attorneys for Petitioner.

N. Marshall Seeburg, Jr., as executor of the estate of Justus P. Seeburg, deceased, and N. Marshall Seeburg, Jr. and Justus P. Seeburg, II, as residuary legatees of the estate, filed a "Response" to the petition, which is set forth below —

Comes now N. MARSHALL SEEBURG, JR., as Executor of the above estate and individually, and JUSTUS P. SEEBURG, II, individually, as residuary legatees of the said estate, by and through their undersigned attorneys, and in response to the Petition heretofore filed would respectfully allege:

1. Respondents admit the allegations contained in Paragraph 1 of the Petition.

2. Respondents admit the allegations contained in Paragraph 2 of the Petition.

3. Respondents admit the allegations contained in Paragraph 3 of the Petition.

4. Respondents admit the allegations contained in Paragraph 4 of the Petition.

5. Respondents admit the allegations contained in Paragraph 5 of the Petition.

6. Respondents deny the allegations contained in Paragraph 6 of the Petition and allege that Article Second of decedent's Will as quoted therein confers upon the Petitioner no interest or right in and to said devise as contained in Article Second of decedent's Will until such time as the administration of the estate has been concluded and an order directing distribution of the estate has been entered.

WHEREFORE, your respondents pray that after hearing on the aforesaid Petition and this Response, this Honorable Court construe the language quoted in said Petition which is contained in Article Second of the said Last Will and Testament and Codicil thereto of JUSTUS P. SEEBURG and determine, find and adjudge the legal effect of said language and answer each and every of the questions propounded by the Petitioner in the negative.

> WINTERS, COOK, BRACKETT AND LORD,
> Attorneys for N. Marshall Seeburg, Jr., as Executor of the Estate of Justus P. Seeburg, deceased; and N. Marshall Seeburg, Jr., and Justus P. Seeburg, II, individually, as residuary legatees of said estate.

The court has considered the petition and answer thereto, the oral arguments and briefs submitted to the court, and being otherwise fully advised, it is ordered and adjudged as follows —

A. The language used by the testator in article second of his will — "In the event she shall predecease distribution of the whole or any part thereof, then said legacy or the undistributed portion thereof shall lapse and form a part of the residue of my estate" is ambiguous and of uncertain meaning. Rusch v. Melosh (Ct. of Chancery, N. J., 1943), 33 Atl. 2d 390; Kellar v. Kasper (D.C. So. Dak.), 138 Fed. Supp. 738; and Smith v. U. S. (D.C. Colo.), 158 Fed. Supp. 344.

B. It is further the opinion of the court that it is void and of no legal force or significance.

C. It is further the opinion of the court that the language quoted in paragraph A of this order is an attempt to create a condition subsequent which violates the rule against perpetuities in that the gift over for which provision is made in said clause might take effect (if allowed to take effect at all) beyond the time specified in the rule.

D. It is therefore further ordered and adjudged that because the purported condition subsequent to which reference is made in paragraph A of this order is void, the antecedent bequest made to Gurli Maria Seeburg in the will of Justus P. Seeburg became irrevocably vested in said Gurli Maria Seeburg at the death of the testator.